IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 10-cv-01530-LTB

NOEL KING,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

_____

ORDER

_____

This case is before me on Plaintiff's Motion for Attorney Fees Under the Equal Access to

Justice Act (the "EAJA"), 28 U.S.C. Section 2412(d) [Doc #24].  For the reasons set forth below,

I deny the motion.

## I.  Standard of Review

The EAJA provides for an award of attorney fees to a prevailing party, other than the

United States, unless the Court finds that the position of the United States was substantially

justified or special circumstances make an award of fees unjust.  28 U.S.C. § 2412(d)(1)(A).  The

substantial justification test is whether there is a "reasonable basis both in law and fact."  *Pierce*

*v.Underwood,* 487 U.S. 552, 565 (1988).  "[A] position can be justified even though it is not

correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person

could think it correct."  *Id.* at 566 n.2.  The Commissioner bears the burden of demonstrating that

its position was substantially justified.  *Gilbert v. Shalala,* 45 F.3d 1391, 1394 (10th Cir. 1995).

## II. Analysis

Plaintiff raised three issues on appeal. I affirmed the ALJ's decision as to one of the

issues and reversed the decision as to the remaining two issues. Reversal was based on my

conclusions (1) that the ALJ's finding that Plaintiff was capable of performing work requiring a

GED level of 2 was unsupported by substantial evidence in the record and resulted in a flawed

assessment of Plaintiff's RFC and flawed hypothetical questioning of the vocational expert; and

(2) that the ALJ's finding that Plaintiff was capable of working as parking lot attendant was

inconsistent with the Plaintiff's RFC, a point which the Commissioner conceded. I further

concluded that remand was necessary to address the flaws in the assessment of Plaintiff's RFC

and the hypothetical questions asked of the vocational expert and to re-assess whether there are

significant jobs in the national economy that Plaintiff is capable of performing.

Notwithstanding my conclusion that the ALJ erred in finding that Plaintiff was capable of

performing work with a GED level of 2, I am satisfied that the Commissioner was substantially

justified in taking the position that this error, if any, was harmless in light of the ALJ's finding

that Plaintiff is limited to unskilled work which by definition requires little or no judgment. It

follows that the Commissioner was substantially justified in arguing that the ALJ correctly

concluded that there were substantial jobs in the national economy that Plaintiff was capable of

performing based on two jobs other than parking lot attendant that were identified by the

vocational expert.

Because the Commissioner's defense of Plaintiff's appeal of the denial of his claim for

benefits was substantially justified, Plaintiff's Motion for Attorney Fees Under the EAJA, 28

U.S.C. Section 2412(d) [Doc #24] is DENIED.


Dated: December   7  , 2011 in Denver, Colorado.


                                    BY THE COURT:


                                       s/Lewis T. Babcock
                                    LEWIS T. BABCOCK, JUDGE